Robert T. DARDEN, Plaintiff-Appellee,

v.

NATIONWIDE MUTUAL INSURANCE
COMPANY; Nationwide Mutual Fire
Insurance Company; Nationwide Life
Insurance Company, Defendants-Appellants.

Robert T. DARDEN, Plaintiff-Appellant,

v.

NATIONWIDE MUTUAL INSURANCE
COMPANY; Nationwide Mutual Fire
Insurance Company; Nationwide Life
Insurance Company, Defendants-Appellees.

Nos. 89-2759, 89-2760.

United States Court of Appeals,
Fourth Circuit.

Submitted March 30, 1992.

Decided July 13, 1992.

George Robinson Ragsdale, Craig G. Dalton, Jr., Leboeuf, Lamb, Leiby & MacRae, Raleigh, N.C., Margaret M. Richardson, W. Mark Smith, Sutherland, Asbill & Brennan, Washington, D.C., for appellants.

Marion G. Follin, III, Smith, Patterson, Follin, Curtis, James, Harkavy & Lawrence, Greensboro, N.C., for appellee.

Before HALL, MURNAGHAN, and SPROUSE, Circuit Judges.

## OPINION

SPROUSE, Circuit Judge:

In *Nationwide Mutual Insurance Co. v. Darden,* —— U.S. ——, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992), the Supreme Court rejected this court's definition of "employee" as that term is used in the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.* The Court remanded for us to determine according to Court-defined common law criteria whether Robert Darden's relationship with Nationwide Mutual Insurance was that of an employee entitled to ERISA protection. For the reasons stated below, we remand to the district court for this determination.

The factual circumstances are fully recounted in the previous dispositions of this case and we only briefly review them here. Darden worked as an insurance agent for the Nationwide Insurance Company under a written contract from 1962 until 1980, when Nationwide terminated the relationship. The contract included a retirement benefit program, known as the Agent's Security Compensation Plan.[1] The contract

1. Two programs comprised the retirement plan.

Darden had accumulated $28,664 in the De-

also specified that, upon termination of the relationship, Nationwide would not pay retirement benefits if Darden competed with Nationwide within one year and within a twenty-five mile radius of the former location of the business or engaged in other forms of competition with Nationwide.

Despite that agreement, Darden, after his termination, immediately opened an independent insurance business representing various competitors of Nationwide in the same office he had used as a Nationwide agent. Consequently, Nationwide refused to pay Darden any retirement benefits.

In 1983, Darden sued Nationwide, claiming that the vesting provisions of ERISA precluded Nationwide's denial of retirement benefits.[2] A critical requirement for success in Darden's suit, of course, was that he establish his status as an employee of Nationwide.[3] The district court found that Darden was not an employee and granted summary judgment for Nationwide. In so finding, the court applied common law principles to determine whether Darden was an employee or an independent contractor.

In granting summary judgment to Nationwide, the court found that Darden made money through his own efforts, ingenuity, and business sense, not through an employment relationship with Nationwide. Nationwide did not control the manner and means of selling insurance because Darden was free to solicit sales wherever, whenever, and from whomever he wished. Although Nationwide suggested ways to make the business more profitable, Darden was not required to implement those suggestions.

Darden maintained the office at his own expense and also paid the business expenses, as well as the fees for his state license, from his own funds. Darden determined his own hours and those of his clerical employees, and was free to hire and fire clerical assistants. Darden was paid solely on commissions of sales of insurance, with no deductions made for income tax. The parties referred to their relation as one between independent contractors, and Darden was not eligible for Nationwide employee health and life insurance plans, the employee pension plan, or paid annual leave. In reaching these conclusions the district court anticipatorily considered most, but not all, of the criteria in the Supreme Court's *Darden* decision.

On appeal, this court, in reversing and remanding the district court's summary judgment, formulated a test which accorded with the purposes of ERISA to decide whether Darden was an "employee." *Darden v. Nationwide Mutual Insurance Co.,* 796 F.2d 701 (4th Cir.1986) (*Darden I*). We held that ERISA's protected class consists of,

first of all, persons whose retirement benefits were "anticipated." In other words, the "employer" or sponsor of the pension plan must have taken some action that created a reasonable expectation on the "employees'" part that benefits would be paid to them in the future. Second, persons within the protected class must have relied on that expectation by remaining for "long years," or a substantial period of time, in the "employer's" service, and by foregoing other significant means of providing for their retirement. It is that category of per-

ferred Compensation Plan under which he was entitled to $120 per month for the remainder of his life, to begin at age fifty. He had accumulated $65,706 in the Extended Earnings Plan under which he was entitled to $490 a month for the remainder of his life, to begin within sixty days of his termination.

**2.** Under any of the three statutorily-defined vesting alternatives, the plan for Darden had vested and was immune from forfeiture. 29 U.S.C. § 1053(a)(2)(A)–(C).

**3.** Section 502(a) provides that a participant in an employee retirement security plan may bring a civil action to enforce the provisions of the Act and thereby recover benefits. 29 U.S.C. § 1132(a).

A participant is defined as "any employee or former employee of an employer ... who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer...." 29 U.S.C. § 1002(7).

ERISA defines an "employee" as "any individual employed by an employer." 29 U.S.C. § 1002(6).

sons—those for whom the forfeiture of accrued employee benefits results in financial hardship during retirement—that was the focus of congressional concern. Finally, implicit in the congressional statement of purpose is the recognition that the persons to be aided by the statute lacked sufficient economic bargaining power to obtain contractual rights to nonforfeitable benefits. Had they possessed such bargaining power, statutory reform would have been unnecessary. Evidence of the extent of the "employer's" control may, of course, be relevant to a determination of relative bargaining power.

*Darden I,* 796 F.2d at 706–07 (footnote omitted).

On remand, the district court applied that test and ruled that Darden was an employee; we affirmed that decision in *Darden v. Nationwide Mutual Insurance Co.,* 922 F.2d 203 (4th Cir.1991) (*Darden II*). Subsequently, the Supreme Court granted *certiorari* and ruled that the term "employee," as used by ERISA, incorporates the general common law of agency. The Court instructed that the determination of who qualifies as an "employee" under ERISA should be made according to common law principles. The Court adopted a test composed of thirteen factors:

> In determining whether a hired party is an employee under the general common law of agency, we consider the hiring party's right to control the manner and means by which the product is accomplished. Among the other factors relevant to this inquiry are the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.

*Darden,* — U.S. at —––—, 112 S.Ct. at 1348, 117 L.Ed.2d at 581–82 (quoting *Community for Creative Non-Violence v. Reid,* 490 U.S. 730, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1989)). The Court also stated that "all of the incidents of the relationship must be assessed and weighed with no one factor being decisive." *Darden,* — U.S. at —, 112 S.Ct. at 1349, 117 L.Ed.2d at 590 (quoting *NLRB v. United Insurance Company of America,* 390 U.S. 254, 258, 88 S.Ct. 988, 991, 19 L.Ed.2d 1083 (1968)).

Although the common law test of the employee/employer relationship applied by the district court in its first determination seems consistent with the common law standard announced by the Supreme Court, we believe it is appropriate for the district court to determine whether Darden was an employee of Nationwide under the Supreme Court's formulation. In view of this, the case is again remanded to the district court for the sole purpose of determining whether or not Darden was a Nationwide employee under the Supreme Court definition of common law employee.

REMANDED WITH INSTRUCTIONS.